The bill in this case stated that on tbe eleventh of December, 1867, a judgment was rendered against complainants as securities of Emsl-ey Jeffers, a revenue collector, in tbe circuit court of Scott county, for $1,248.50, on motion, for tbe revenue of 1865; that the judgment was obtained without any notice to- them, or any oppor *338 tunity to them to make defense; that an appeal was prayed and granted as to all the defendants, but without any authority to any one to appeal for them, and that bond was given by Jeffers alone; that the judgment was affirmed; that they never signed, or authorized any one to sign for them, any such bond as that on which the judgment was based, and that it is not their act and deed; that there is no original of the bond, and that, in fact, the bond purporting to be of record was entered in this way: The cleric was furnished with a list of the names of .the proposed sureties; he copied the form of the bond on the record from some bond in the office, and then copied the names on the list as the signatures; that the legislature, by act of the general assembly, gave time to Jeffers, from March 1, 1870, for one year, to collect and make a settlement as revenue collector for 1865, and this without their knowledge or consent; that the state took judgment for both the state and county tax, when the county tax was fully paid.
Prays that the state, the comptroller, the attorney-general for the state, the district attorney-general, the supreme court clerk, and the sheriff having the execution, be made parties, and enjoined from proceeding with the execution, and that the judgment be vacated.
Demurrer.' — Because the state is not subject to suit; that the officers are not subject to suit personally, and that they do not represent the state; that the proper remedy, if any, is at law, and not in chancery; that the delay authorized was after judgment; and for other causes affecting the merits.
The court below disallowed the demurrer, and the state appealed. On the first argument, at the term of 187 — , the court held that the bill was sufficient, and ordered the judgment below to be affirmed. But, upon a rehearing, the court finally held that the demurrer was well taken, on the ground that the state could not be sued either in a *339 defensive suit nor in any otter, and allowed the demurrer and dismissed the bill.
The decree in this case is as follows: "This cause coming on to be heard on the transcript of the record from the chancery court at Hartsville, and argument of counsel, and it being the opinion of the court that no bill lies to enjoin a judgment obtained by the state, for any cause, and that the court below had no- jurisdiction to entertain this bill, either as to the state or as to either of her officers sued herein, the court is pleased to- order, adjudge, and decree that the order and decree- of the court below be reversed, the demurrer be sustained, and the bill be dismissed, and the injunction granted be dissolved, etc.